IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC
2007 FEB 26 P 4: 14

Charles Sharpe, #11495-171,       )    C. A. No. 2:06-1131-CMC-RSC
                                  )
            Petitioner,           )
                                  )
       -versus-                   )         **O R D E R**
                                  )
Federal Bureau of Prisons; and    )
John L. Lamanna, Warden of        )
FCI-Edgefield,                    )
                                  )
            Respondents.          )

This habeas corpus petition brought by a federal prisoner proceeding pro se and in forma pauperis is before the undersigned United States Magistrate Judge for a report and recommendation on the respondent's motion to dismiss, the petitioner's motion for summary judgment, and the petitioner's motion to amend his complaint. 28 U.S.C. § 636(b).

The petitioner, Charles Sharpe, filed this habeas corpus petition pursuant to 28 U.S.C. § 2241 on April 12, 2006, and alleged that the respondent violated his rights in not letting him serve the last six (6) months of his sentence in a Community Corrections Center. The respondent filed a motion to dismiss on July 10, 2006. Sharpe was provided a copy of the respondent's motion on July 11, 2006, and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528

1

F.2d 309 (4th Cir. 1975). The petitioner filed an opposition to the motion on July 20, 2006, which also requested a hearing. He then filed a motion for judgment on the pleadings on July 21, 2006. The respondent filed an opposition to the plaintiff's dispositive motion on July 27, 2006, and opposed his request for a hearing on August 3, 2006. The petitioner then filed a motion for summary judgment on August 9, 2006. Thereafter, on November 6, 2006, the petitioner filed a motion to amend his complaint to seek relief consistent with Levine v. Apker, 455 F.3d 71 (2nd Cir. 2006)[1], which motion was opposed by the respondent on November 24, 2006. Hence it appears consideration of the motions is appropriate.

A review of the record and relevant case law indicates that the petitioner's motion to amend his complaint should be granted provided that the petitioner files a proposed amended petition within twenty (20) days as leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Further, since the parties' arguments do not address the mootness concerns addressed by Levine, all dispositive motions should be stricken as premature with leave to refile following the joining of issues by the amended complaint and the answer thereto.

---

[1] Levine held that the a similarly situated petitioner's claim was not moot because he was on supervised release and the court could order a reduction on the supervised release term if the petitioner prevailed.

2

Accordingly, for the aforementioned reasons, **IT IS ORDERED** that the petitioner's motion to amend his complaint be granted, that petitioner's motion for a hearing be denied, and that the three dispositive motions stricken as premature.

**IT IS SO ORDERED**

_____
Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

February 26, 2006