RECEIVED
ISDC CLERK, CHARLESTON, SC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

2007 OCT 25 A 8: 45

| | |
|---|---|
| Charles Sharpe, #11495-171, )  )  Petitioner, )  )  -versus- )  )  Federal Bureau of Prisons; and)  John L. Lamanna, Warden of )  FCI-Edgefield, )  )  Respondents. ) | C. A. No. 2:06-1131-CMC-RSC  **REPORT AND RECOMMENDATION** |

This habeas corpus petition brought by a federal prisoner proceeding pro se and in forma pauperis is before the undersigned United States Magistrate Judge for a report and recommendation on the respondent's motion to dismiss and the petitioner's motion for summary judgment. 28 U.S.C. § 636(b).

The petitioner, Charles Sharpe, filed this habeas corpus petition pursuant to 28 U.S.C. § 2241 on April 12, 2006, and alleged that the respondent violated his rights in not allowing him to serve the last six (6) months of his sentence in a Residential Reentry Center (RRC). On November 6, 2006, the petitioner filed a motion to amend his complaint, which motion was granted. The respondents filed a motion to dismiss the amended complaint or in the alternative for summary judgment on April 5, 2007, and the petitioner was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil

Procedure similar to that required by <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975). The petitioner filed an opposition on May 11, 2007, and the respondents replied on May 21, 2007. Hence, it appears consideration of the motion is appropriate.

## FACTS

On April 25, 2005, the petitioner was sentenced to twenty-four (24) months imprisonment followed by Supervised Release for a term of three (3) years by the Honorable Cameron M. Currie, United States District Judge for the District of South Carolina, following his conviction by a plea of guilty to Affecting Interstate Commerce by Extortion (18 U.S.C. § 1951) and Fraudulent and False Statements (18 U.S.C. § 1001). <u>United States v. Sharpe</u>, 3:04-CR-00720-CMC. On January 17, 2007, he was released from the Federal Prison Camp located at the Federal Correctional Institution (FCI) in Edgefield, South Carolina, to a RRC, also known as a half-way house, in Atlanta, Georgia. He remained at the RRC until March 16, 2007, at which time he was released from his federal sentence via Good Conduct Time (GCT) release. Pursuant to his sentence, the petitioner's three (3) year term of Supervised Release then commenced.

Despite the fact that he has been released from the custody of the respondents, Petitioner now seeks an order releasing him from his sentence of three (3) years of Supervised Release.

**DISCUSSION**

Petitioner alleges that the BOP's 2005 rule imposing categorical durational limitations on prisoners' RRC confinement codified at 28 C.F.R. §§ 570.20 and 570.21 must be struck down by this court because it exceeds the BOP's rule making authority since the BOP is required to specifically consider the various factors in making placement decisions enumerated in 18 U.S.C. § 3621.

Four circuit courts of appeals have found the 2005 regulations to be contrary to the clear and unambiguous congressional intent articulated in § 3621(b) and held them invalid. Wedelstedt v. Wiley, 477 F.3d 1160 (10th Cir. 2007); Levine v. Apker, 455 F.3d 71 (2d Cir. 2006); Fults v. Sanders, 442 F.3d 1088 (8th Cir. 2006); Woodall v. Federal Bureau of Prisons, 432 F.3d 235, (3rd Cir. 2005). Additionally the regulation has twice been found to be invalid in this District. Patterson v. Bauknecht, 2007 WL 2822235 (D.S.C. 2007) (J. Currie); Williams v. Pettiford, 2007 WL 2688561 (D.S.C. 2007 (J. Duffy).

Nonetheless, since Petitioner has been released from the respondents' custody, it appears that the court should not reach the merits of this petition but rather it should be dismissed as moot.

The case or controversy requirement of Article III of the

3

United States Constitution deprives the court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 104 S.Ct. 373, 374-75 (1983). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183 (1984). Federal courts are "without power to decide questions that cannot affect the rights of the litigants before them." North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 406 (1971) per curiam, quoting Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241, 57 S.Ct. 461, 463-464 (1937). To satisfy the Article III case or controversy requirement, a litigant "must have suffered some actual injury that can be redressed by a favorable judicial decision." Iron Arrow, 464 U.S. at 70, 104 S.Ct. at 375; Simon v. Eastern Ky. Welfare Rights Org., 426 U.S. 26, 38, 96 S.Ct. 1617, 1924 (1976).

Petitioner may[1] have been held in a more restrictive facility than a RRC for several months as a result of the BOP's 2005 Rule, however there is nothing to indicate that he is entitled to any relief, much less being relieved of his sentence of three (3) years of Supervised Release. It appears that his proper course of action would be to bring a motion in his

---

[1] Since the BOP has discretion to place prisoners in RRCs but is not required to do so, there is only conclusory speculation that Petitioner would actually have been placed in a RRC a few months earlier than he actually was placed.

4

criminal case seeking such relief under 18 U.S.C. § 3583 concerning modification of the terms of Supervised Release.

When faced with habeas petitions challenging the 2005 Rule brought by petitioners who had been released from custody, courts in this District have found the petition to be nonjudicable as moot. Fells v. Federal Bureau of Prisons, 2007 WL 752206 (J. Blatt); Korda v. U.S., 7 WL 712286 (J. Duffy); Dunkley v. Hamidullah, 2007 WL 72572256 (J. J. Anderson); Garner v. Pettifiord, 2007 WL 2749442 (J. Currie). Likewise, it appears that the instant petition should be dismissed as moot.

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that the petition be dismissed as moot.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

October 24, 2007

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).