IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Charles R. Sharpe, #11495-171, | ) | C/A NO. 2:06-1131-CMC-RSC |
| | ) | |
| Petitioner, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Federal Bureau of Prisons and | ) | |
| Warden John J. Lamanna, in his official | ) | |
| capacity as Warden of Edgefield FCI, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2241.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Robert S. Carr for pre-trial proceedings and a Report and Recommendation ("Report"). On October 25, 2007, the Magistrate Judge issued a Report recommending that the petition be dismissed as moot. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed objections to the Report on November 1, 2007.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

The Constitution limits the jurisdiction of federal courts to the adjudication of actual cases and controversies. See U.S. Const. art. III, § 2; *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974) (per curiam). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). The requirement that a case involve an actual, ongoing controversy extends throughout the pendency of an action. *See Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). To satisfy the Article III case or controversy requirement, "[a] litigant must have suffered some actual injury that can be redressed by a favorable judicial decision." *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70-71 (1983). When a case or controversy ceases to exist the litigation becomes moot and the federal court no longer possesses jurisdiction to proceed. *Id*.

Because Petitioner has been released from the Bureau of Prisons to his term of supervised release, this matter is moot. Petitioner's objections make no argument which changes this circumstance.

This matter is hereby dismissed as moot.

**IT IS SO ORDERED.**

                                              s/ Cameron McGowan Currie
                                              CAMERON McGOWAN CURRIE
                                              UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 5, 2007

C:\Documents and Settings\Guest\Local Settings\Temp\notesE1EF34\~5752528.wpd